IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

COLBY BLAKE FITTS and KAYLA
NICOLE FITTS,

           Petitioners,

v.

DAN NEWBERRY, et. al.,

           Respondents.

Civil Action No. 22-1514-CFC

**MEMORANDUM**

I. **BACKGROUND**

Petitioners Colby Blake Fitts and Kayla Fitts – who are husband and wife – initiated this action on November 18, 2022 by filing a document titled "Injunction for Relief" seeking "immediate release from false imprisonment, expungement, and redress," (D.I. 1 at 5), along with 118 pages of various supporting documents and exhibits. (D.I. 1-1) The mostly incomprehensible assertions in the "Injunction for Relief" appear to challenge Petitioners' pretrial incarceration in Oklahoma and Missouri (D.I. 1-1 at 56) on the ground that the states of Oklahoma and Missouri lack jurisdiction over their cases because they are "sovereign citizens."[1] (*See id.* at 57-58) Based on these

---

[1] According to the press, Colby Fitts is charged in Missouri with kidnapping, attempting to disarm a police officer, and other charges. Kayla Fitts is charged with kidnapping in Missouri. At the time of filing, both Fitts were also facing charges in Oklahoma of obstructing justice for resisting arrest. *See* https://www.krmg.com/news/missouri-fugitives-arrested-tulsa/EVH7B7G7F5GFJMNAQM2GDDGHOM/

assertions, the Court directed the Clerk of the Court to open this habeas action and docket the "Injunction for Relief" as a petition for writ of habeas corpus under § 2254.[2] Petitioners have also filed two documents titled "Petition for Writ of Prohibition" (D.I. 4; D.I. 11) (which the Court will treat as amended petitions), a Motion for Default Judgment (D.I. 3), and a Motion to Amend Habeas Petition (D.I. 13).

## II.  DISCUSSION

A district court may summarily dismiss a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254. Having reviewed the face of the instant Petition, the Court concludes that summary dismissal is appropriate. The Court does not have jurisdiction over the instant proceeding because Petitioners are not in custody in the State of Delaware, they do not challenge sentences or convictions imposed by the State of Delaware, and they do not challenge sentences or convictions imposed by this Court.[3] See 28 U.S.C. § 2254; 28 U.S.C. § 2241(d) (petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court

---

[2]Although Petitioners have improperly combined their separate challenges to their pre-trial incarceration in Oklahoma and Missouri charges in one habeas petition, the Court will not address that error because the case is being summarily dismissed.

[3]The Court notes that Petitioners' challenge to their pre-trial incarceration in Oklahoma has been rendered moot by their release from incarceration. See Oklahoma v. Kayla Fitts, No. CM-2022-2644, Order of Release (Tulsa Cnty. D. Ct. Jan. 23, 2023); Oklahoma v. Curtis Fitts, No. CM-2022-2644, Order of Release (Tulsa Cnty. D. Ct. Jan. 24, 2023).

was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Cases in the United District Court, 28 foll. US.C. § 2254. Relatedly, the Court will deny Petitioners' ancillary motions as moot. (D.I. 3; D.I. 13) The Court will also decline to issue a certificate of appealability because Petitioners have failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2008); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## III.  CONCLUSION

For the aforementioned reasons, the Court will dismiss the instant Petition (D.I. 1; D.I. 4; D.I. 11) and ancillary Motions (D.I. 3; D.I. 13)  The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

Dated: April 27, 2023

Colm F. Connolly
Chief Judge